# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

| | |
|---|---|
| DETRIA WALLER, | : |
| Plaintiff, | : No. 2:17-cv-03625 |
| v. | : |
| SELENE FINANCE LP, | : |
| Defendant. | : |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C.§§ 1441(a) and 1441(b), Defendant, Selene Finance LP ("Selene"), hereby removes the above-captioned action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia. As grounds for the removal of this case, Selene states as follows:

## THE ACTION

1. On May 30, 2017, Plaintiff, Detria Waller ("Plaintiff"), commenced the underlying state court action, captioned <u>Detria Walker v. Selene Finance, LP</u>, Docket No. 17-c-750 ("State Court Action"), by filing a Complaint in the Circuit Court of Kanawha County, West Virginia. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the Complaint, and service of process from the State Court

Action are attached as Exhibit "A." No other process, pleadings, or orders have been served in the State Court Action. A copy of the docket in the State Court Action is attached as Exhibit "B."

## TIMELINESS

2.  The Secretary of State received the State Court Action on June 15, 2017. (See Service Papers, Exhibit "A".) Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is therefore timely filed within thirty-days from purported service of the action.

## COMPLETE DIVERSITY OF CITIZENSHIP

3.  The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332, and this action is one that may be removed to this Court under 28 U.S.C. § 1441.

4.  There exists complete diversity of citizenship between Selene and Plaintiff in the underlying cause of action, as follows:

    (a) Selene is a Delaware limited partnership, with a principal place of business in Houston, Texas. (See Delaware Secretary of State, Exhibit "C"; Complaint, Exhibit "A", ¶2.)

    (b) Plaintiff is an individual who resides in Dunbar, West Virginia. (See Complaint, Exhibit "A", ¶1.)

2

5. Because Selene is a citizen of Delaware and Texas and Plaintiff is a citizen of West Virginia, complete diversity of citizenship exists between Plaintiff and Selene.

6. Removal is not barred by the resident-defendant rule set forth in 28 U.S.C. § 1441 (b), because Selene is not a citizen of West Virginia.

## AMOUNT IN CONTROVERSY

7. Pursuant to L.R. Civ. P. 11.2 of this Court, Plaintiff has not previously filed a unilateral stipulation explicitly limiting recovery below $75,000.00 as required under McCoy. McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001) (Haden, C.J.)("The stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief." Id. at 486. The purpose of this rule, as articulated by the late Chief Judge Haden, is to "alleviate unseemly forum gaming" that may occur when a plaintiff is permitted to file such stipulations after a case is removed. Id.).

8. According to the Complaint, Plaintiff demands the following relief: First, a judgment against Selene for violation of § 46A-2-127 of the West Virginia Code ("West Virginia Consumer Credit and Protection Act"). Specifically, plaintiff prays for: (a) maximum civil penalties for each violation pursuant to § 46A-5-101(1)&-106[1] of the West Virginia Code, (b) Actual Damages, and (c)

---

[1] **Damages for violation of § 46A-2-127 of the West Virginia Code are:**

3

Reasonable attorney's fees and the cost of this litigation; second, a judgment against Selene for Negligence, and specifically, plaintiff prays for: (a) appropriate equitable relief, (b) actual damages, (c) reasonable attorney's fees and the cost of this litigation; and third, a judgment against Selene for Tortious Interference with Contract. Specifically, in relevant part, plaintiff prays for harm and damages [], including the loss of her home to foreclosure. See, *generally*, Complaint.

9. As noted, the Complaint includes a demand for harm and damages, including the loss of her home to foreclosure. In this regard, Substitute Trustee's Report of Sale dated May 8, 2017 and filed of record on May 11, 2017, evidences that the home was sold at public auction on April 18, 2017, for $83,950. (See Substitute Trustee's Report Of Sale, Exhibit "D". See also Deed dated April 21, 2017, Exhibit "E".) Likewise, the Disclosure Form within the Substitute Trustee's Report of Sale states that the Total Secured Indebtedness at Foreclosure was $98,676.80, and that $81,896.37 was the Net Amount Applied To Loan. (Id.) In addition, the Deed of April 25, 2007, conveying the home to plaintiff, states that the total consideration paid at that time was $89,500. (See Deed dated April 25,

---

(1) If a creditor or debt collector has violated the provisions of this chapter applying to collection of excess charges, security in sales and leases, disclosure with respect to consumer leases, receipts, statements of account and evidences of payment, limitations on default charges, assignment of earnings, authorizations to confess judgment, illegal, fraudulent or unconscionable conduct, any prohibited debt collection practice, or restrictions on interest in land as security, assignment of earnings to regulated consumer lender, security agreement on household goods for benefit of regulated consumer lender, and renegotiation by regulated consumer lender of a loan discharged in bankruptcy, the consumer has a cause of action to recover: (a) Actual damages; and (b) a right in an action to recover from the person violating this chapter a penalty of $1,000 per violation: *Provided,* That the aggregate amount of the penalty awarded shall not exceed the greater of $175,000 or the total alleged outstanding indebtedness. See West Virginia Code § 46A-5-101.

2007, Exhibit "F".) Finally, the Complaint also seeks relief for attorney's fees and punitive damages, as well as statutory damages.

10. Therefore, the amount in controversy clearly exceeds the sum or value of $75,000, exclusive of interest and costs. The parties are also completely diverse. Thus, this Court has jurisdiction pursuant to 28 U.S.C § 1332.

11. This action is being removed to the District Court of the United States for the Southern District of West Virginia, the district embracing the place where the action is pending in accordance with 28 U.S.C. § 1441(a).

## NOTICE OF REMOVAL

12. Pursuant to the provisions of 28 U.S.C. § 1446(d), Selene will give Plaintiff written notice of the filing of this Notice of Removal and shall file the written notice of the filing of this Notice of Removal with the Clerk of the Circuit Court of Kanawha County, West Virginia. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit "G."

WHEREFORE, Defendant, Selene Finance, LP, hereby removes this State Court Action to the United States District Court for the Southern District of West Virginia.

Dated: July 17, 2017

/s/ Robert L. Bandy
Robert L. Bandy, Esq. (WV Atty. No. 7419)
Kay Casto & Chaney PLLC
P.O. Box 2031
Charleston, WV 25327
rbandy@kaycasto.com
Tel: (304) 345-8900
Fax: (304) 354-8909

*Counsel for Defendant,*
*Selene Finance LP*

## **CERTIFICATE OF SERVICE**

I, Robert L. Bandy, hereby certify that on July 17, 2017, I caused a true and correct copy of the foregoing Notice of Filing of Notice of Removal to be served upon the following via U.S. Mail, postage pre-paid.

>Bren J. Pomponio, Esq.
>Mountain State Justice, Inc.
>1031 Quarrier St., Suite 200
>Charleston, WV 25301

*Attorney for Plaintiff*

>/s/ *Robert L. Bandy*
>Robert L. Bandy, Esq. (WVSB #7419)
>Kay Casto & Chaney PLLC
>P.O. Box 2031
>Charleston, WV 25327
>rbandy@kaycasto.com
>Tel: (304) 345-8900
>Fax: (304) 354-8909

*Local Counsel for Defendant,*
*Selene Finance LP*

Dated: July 17, 2017

# 3269234