# EXHIBIT A


# CT Corporation

**Service of Process Transmittal**
06/19/2017
CT Log Number 531433504

**TO:** Pam Mandeville
Selene Finance LP
8201 Cypress Plaza Dr
Jacksonville, FL 32256-4423

**RE:** **Process Served in West Virginia**

**FOR:** Selene Finance LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Detria Waller, Pltf. vs. Selene Finance LP, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Kanawha County Circuit Court, WV<br>Case # 17C750 |
| **NATURE OF ACTION:** | Wrongful Foreclosure |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/19/2017 postmarked on 06/16/2017 |
| **JURISDICTION SERVED:** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Bren J. Pomponio<br>Mountain State Justice, Inc<br>1031 Quarrier Street<br>Suite 200<br>Charleston, WV 25301<br>304-344-3144 |
| **REMARKS:** | Service of Process made on West Virginia Secretary of State on 06/15/2017 and sent to CT Corporation on 06/16/2017. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/20/2017, Expected Purge Date: 06/25/2017<br><br>Image SOP<br><br>Email Notification, Pam Mandeville  pam.mandeville@selenefinance.com<br><br>Email Notification, Christine Sahyers  christine.sahyers@selenefinance.com<br><br>Email Notification, Nate Tincher  Nathaniel.Tincher@selenefinance.com<br><br>Email Notification, Jean Pierre Sat  Jeanpierre.sat@selenefinance.com<br><br>Email Notification, Andrea Wellons  andrea.wellons@selenefinance.com<br><br>Email Notification, Selene Litigation  litigation@selenefinance.com |

Page 1 of  2 / VP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process Transmittal**
06/19/2017
CT Log Number 531433504

**TO:** Pam Mandeville
Selene Finance LP
8201 Cypress Plaza Dr
Jacksonville, FL 32256-4423

**RE:** **Process Served in West Virginia**

**FOR:** Selene Finance LP (Domestic State: DE)

**SIGNED:** C T Corporation System
**ADDRESS:** 5400 D Big Tyler Road
Charleston, WV 25313
**TELEPHONE:** 919-821-7139

Page 2 of 2 / VP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CERTIFIED MAIL



U.S. POSTAGE >> PITNEY BOWES

ZIP 25311 $ 005.99⁰
02 4W
0000336774 JUN. 16 2017

BUSINESS & LICENSING

1610-00

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
888-767-8683
Visit us online:
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 1019 99

SELENE FINANCE LP
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313

**Control Number:** 197145

**Defendant:** SELENE FINANCE LP
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System
**County:** Kanawha
**Civil Action:** 17-C-750
**Certified Number:** 92148901125134100002101999
**Service Date:** 6/15/2017

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DETRIA WALLER,

    Plaintiffs,

v.

                            CIVIL ACTION NO. 17-C-750

SELENE FINANCE LP,

    Defendant.

                         SERVE:

SELENE FINANCE LP
9990 RICHMOND AVENUE, SUITE 400 SOUTH
HOUSTON, TX 77042

[Stamp: SECRETARY OF STATE STATE OF WEST VIRGINIA 2017 JUN 15 A 11:10 ACCEPTED FOR SERVICE OF PROCESS]

## SUMMONS

To: The Above-Named Defendant:

IN THE NAME OF THE STATE OF WEST VIRGINIA,

    You are hereby summoned and required to serve upon Bren J. Pomponio / Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

    You are required to serve your answer to the Complaint within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Cathy S. Gatson, Clerk

Clerk of Court

Date: 5/30/17

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED

2017 MAY 30 PM 2: 39

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

DETRIA WALLER,

Plaintiffs,

v.

CIVIL ACTION NO. 17-C-750

SELENE FINANCE LP,

Defendant.

## COMPLAINT

This action arises out of abusive practices by the servicer of a home mortgage loan, and seeks to set aside the wrongful foreclosure of Plaintiff's home. Defendant Selene Finance LP failed to implement a loan modification that Plaintiff had entered into with a prior servicer, misrepresented the amount of Plaintiff's mortgage payment, and wrongfully foreclosed on her home in violation of the HUD regulations governing Plaintiffs' FHA-insured mortgage.

## PARTIES

1. Plaintiff Detria Waller is a single mother of two children who works as a substitute and homebound teacher for the Kanawha County Board of Education. She lives with her two sons, ages four and eight, at 35 North Drive, Dunbar, Kanawha County, West Virginia.

2. Defendant Selene Finance LP ("Selene") is a corporation doing business in West Virginia with its principal place of business at 9990 Richmond Avenue, Suite 400 South, Houston, Texas 77042. Defendant Selene became the servicer of Plaintiff's mortgage loan in 2014 and is the current owner of Plaintiff's property after foreclosure.

## STATEMENT OF FACTS

3. In or around April 25, 2007, Plaintiff purchased her home currently located at 35 North Drive, Dunbar, Kanawha County, West Virginia. The address for the property was previously

1

823 Pinewood Drive, but has been updated by 911 services.

4. In or around early 2007, Plaintiff applied for a mortgage to finance the purchase of her home that would be insured by the Federal Housing Administration (FHA).

5. On April 25, 2007 Plaintiff obtained an FHA mortgage loan through the original lender, the now defunct Taylor Bean & Whitaker Mortgage Corp.

6. Within a few years of the closing, the servicing of the loan was transferred to Bank of America.

7. Plaintiff requested assistance with her mortgage payments from Bank of America.

8. In or around the Summer 2014, Plaintiff was approved for a loan modification subject to a three month trial plan with payments of $693.38, which payment included escrow for taxes and insurance.

9. In or around August 2014, the servicing rights for Plaintiff's loan were transferred to Defendant Selene.

10. Plaintiff contacted Selene to inquire about her permanent modification, and was told by Selene that it would take several months to locate the paperwork. The agent instructed Plaintiff to make loan payments in the interim of approximately $764.

11. Meanwhile Selene sent monthly billing statements to Plaintiff, which misrepresented the amount of her monthly payment.

12. Plaintiff made the higher payment as instructed by Selene. However, Selene's monthly billing statement did not show that her payment was received by Selene or credited to her account.

13. Plaintiff contacted the West Virginia Attorney General because she was concerned about Selene's failure to implement – or even locate – her loan modification and that it appeared her

2

payment was not being credited.

14. The West Virginia Attorney's General's office opened an investigation of Plaintiff's complaint and sought a response from Selene. Selene admitted error in its servicing and provided the Attorney General's office with conflicting information about Plaintiff's account.

15. Selene then encouraged Plaintiff to apply for another loan modification, which she did. By letter dated December 8, 2016, Selene denied Plaintiff's request for assistance and stated as a reason for the denial that her property was not her primary residence. This was false.

16. (a) Selene encouraged Plaintiff to reapply for assistance. By letter dated January 10, 2017, Selene again denied her application and stated as the reason for denial that she had already had a modification within the past 24 months.

(b) The prior modification, however, was not implemented by Selene, who routinely misrepresented the amounts due under the modification and failed to credit Plaintiff's payment.

17. Selene again encouraged Plaintiff to apply for assistance as she continued to work through the Attorney General's office. Unbeknownst to Plaintiff, Selene was proceeding with a foreclosure.

18. On April 18, 2017, Selene foreclosed on Plaintiff's home and purchased the property at the foreclosure sale.

### COUNT I – ILLEGAL DEBT COLLECTION

19. Plaintiff incorporates all of the preceding paragraphs by reference.

20. Defendant used fraudulent, deceptive, or misleading representations or means to collect or attempt to collect or to obtain information concerning Plaintiff, in violation of section 46A-2-127 of the West Virginia Code. Specifically, Defendant made misrepresentations about the amount of Plaintiff's payment in billing statements and otherwise.

3

21. Defendant used unfair or unconscionable means in efforts to collect a debt, in violation of section 46A-2-128 of the West Virginia Code. Specifically, Defendant misrepresented the amount of Plaintiff's payments, needlessly and unreasonably delayed implementation of Plaintiff's loan modification; violated the guidelines for loss mitigation attendant to Plaintiff's mortgage, and foreclosed on her home.

22. Defndant failed to apply Plaintiff's payments against amounts due in violation of West Virginia Code section 46A-2-115.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Maximum civil penalties for each violation pursuant to sections 46A-5-101(1) & -106 of the West Virginia Code;

(b) Actual damages;

(c) Reasonable attorney's fees and the cost of this litigation; and

(d) Such other relief the Court deems equitable and just.

## COUNT II - NEGLIGENCE

23. Plaintiff incorporates all of the preceding paragraphs by reference.

24. Under the circumstances alleged, in which Defendant servicer engaged in significant communications and activities with Plaintiff and the loan thereby creating a special relationship with Plaintiff, Defendant owed a duty to Plaintiff to provide her with accurate information about her loan account; its obligations and rights thereunder; and to timely and appropriately apply the loss mitigation guidelines conssitent with the regulations incorporated into Plaintiff's loan through the Deed of Trust.

25. Defendant is the servicer of the loan and is not a party to the contract.

26. Defendant breached its duty by instructing Plaintiff not to make payments, failing to

4

timely implement Plaintiff's loan modification; failing to credit Plaintiff's payment; misrepresenting to Plaintiff the amount due on the loan; and failing to timely and appropriately appply the loss mitigation guidelines attendant to Plaintiff's loan; and wronfully foreclosing on her home.

27. Plaintiff was damaged by Defendant's negligence by the accrued arrears that made it impossible for Plaintiff to reinstate her loan and prevent the foreclosure.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) Appropriate equitable relief;

(b) Actual damages;

(c) Reasonable attorney's fees and the cost of this litigation; and

(d) Such other relief the Court deems equitable and just.

### COUNT III - TORTIOUS INTERFERENCE WITH CONTRACT

28. Plaintiff incorporates all of the preceding paragraphs by reference.

29. Plaintiff entered into a loan contract and a loan modification, secured by her home, by which Plaintiff is to make monthly payments for the benefit of the loan's owner and to ensure against foreclosure. Said payments were to be applied to the account.

30. Defendant is not a party to the contract.

31. Defendant intentionally interfered with said mortgage loan contract by misrepresenting the amount due, failing to implement the modification timely; failing to credit Plaintiff's payment; failing to timely and appropriately evaluate Plaintiff's requests pursuant to the guidelines attendant to Plaintiff's loan; and wrongfully foreclosed.

32. (a) Plaintiff has suffered harm and damage as the direct result of Defendant's interference with the contract, including the loss of her home to foreclosure.

(b) The owner and guarantor (FHA) of the subject loan have also been harmed

5

by Defendant's conduct and the ensuing loss from non-payment and failure to mitigate loss.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(a) Actual damages;

(b) Punitive damages and reasonable attorney's fees and the cost of the litigation; and

(c) Such other relief the Court deems equitable and just.

Plaintiffs,
DETRIA WALLER,
By counsel.

_Bren J. Pomponio_
Bren J. Pomponio (WV Bar No. 7774)
Mountain State Justice, Inc.
1031 Quarrier St., Ste. 200
Charleston, WV 25301
Telephone: (304) 344-3144
Facsimile: (304) 344-3145

6